CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 2 5 2011

JULIA C. DUDLEY, CLERK
BY: /s/ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JASON JOSEPH SMITH, | ) |
| | ) |
| Plaintiff, | ) Case No. 7:11CV00077 |
| | ) |
| v. | ) |
| | ) MEMORANDUM OPINION |
| | ) |
| UNITED STATES PENITENTIARY LEE | ) By: Glen E. Conrad |
| (LEE USP), | ) Chief United States District Judge |
| | ) |
| Defendants. | |

Plaintiff Jason Joseph Smith, a federal inmate proceeding pro se, has filed this action that he styles as a civil rights complaint, pursuant to 42 U.S.C. § 1983.[1] In his complaint, Smith alleges that the toilet in his cell at the United States Penitentiary (USP Lee) in Jonesville, Virginia, violates his Eighth Amendment right to be free from cruel and unusual punishment. Because the officials responsible for the allegedly unconstitutional prison conditions are federal employees, the court construed and filed this action as one arising under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Upon review of the record, the court finds that the complaint must be summarily dismissed.

## Background

Smith alleges the following facts on which his Eighth Amendment claim is based. The toilets in the Special Housing Unit (SHU) at USP Lee are not designed so that the inmate himself can flush the toilet in his cell. The flush buttons for these toilets are located outside the cells,

---

[1] Section 1983 provides a vehicle for individuals to bring a civil action against state officials for violations of rights protected by the Constitution or laws of the United States.

making it necessary for the correctional officers to flush the toilets after use.[2] As a result, urine and feces will often sit in the inmates' toilets for thirty minutes to an hour before an officer pushes the flush button. This circumstance causes noxious fumes to build up in the SHU. Cell mates may be forced to urinate or defecate on top of each other's bodily waste. SHU inmates eat their meals in their cells, and it is not uncommon for them to have unflushed urine and feces in their toilets while they are eating.

Smith also alleges that this flushing system causes other problems. Over the course of a week, the toilets develop a crust of "biohazardous materials" at the waterline that Smith believes is "concentrated raw sewage." The cleaning materials provided to attack this problem consist of a "baseball sized toilet scrub brush that is dripping with other previous users['] toilet waste," passed from door to door in a styrofoam cup and pulled into each cell through the tray slot where inmates also receive their meals. Furthermore, because the toilets are small, the bowl fills up more quickly with waste and toilet paper. When the officers flush the toilets, inmates usually have to "stick their hands into the feces to feed the toilet hole at minimal intervals to prevent" the toilet from clogging and causing a flood. Smith states, "Washing feces from your hands every day for 10 months is not an enjoyable act."

Smith asserts that he personally has suffered under these conditions for eleven months and as a result, is experiencing "breathing difficulties" that could lead to future medical problems

---

[2] In response to Smith's grievance about not being able to flush his own toilet, a prison captain responded that locating the flush button outside the SHU cells was a security measure, designed to eliminate the possibility of inmates repeatedly flushing the toilets and causing flooding and other plumbing problems and to eliminate past problems with inmates repeatedly damaging the flushing mechanisms when they were located inside the cells.

for which he seeks monetary compensation. He also seeks injunctive relief requiring USP Lee to put the toilet flush buttons where SHU inmates can reach them.

## Discussion

To state a cause of action under <u>Bivens</u>, an individual must prove that he suffered harm as a result of constitutional violations committed against him by federal officials. 403 U.S. at 397. A <u>Bivens</u> claim is analogous to a claim under 42 U.S.C. § 1983, which authorizes civil actions against state officials in their personal capacities for violations of constitutional rights. Case law involving § 1983 claims is applicable in <u>Bivens</u> actions and vice versa. See <u>Farmer v. Brennan</u>, 511 U.S. 825, 839 (1994); <u>Mitchell v. Forsyth</u>, 472 U.S. 511, 530 (1985); <u>Turner v. Dammon</u>, 848 F.2d 440, 443-44 (4th Cir. 1988). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." <u>Ashcroft v. Iqbal</u>, 556 U.S.__, 129 S. Ct. 1937, 1948 (2009).

A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted." The complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). After review of Smith's allegations as amended, the court concludes that he fails to allege facts stating any plausible claim actionable under <u>Bivens</u>.

The Eighth Amendment protects prisoners from cruel and unusual living conditions. <u>Rhodes v. Chapman</u>, 452 U.S. 337 (1981). In order to state a claim of constitutional significance regarding prison conditions, a plaintiff must allege facts demonstrating that the

challenged conditions resulted in a deprivation of a basic human need that was objectively "sufficiently serious" and (2) that, subjectively, the defendant prison officials acted with a sufficiently "culpable state of mind" with regard to the conditions. Wilson v. Seiter, 501 U.S. 294, 298 (1991). To satisfy the objective element of a conditions claim, the plaintiff must show that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions, see Strickler v. Waters, 989 F.2d 1375, 1380-1381 (4th Cir. 1993), or that plaintiff's continued, unwilling exposure to the challenged conditions creates a substantial risk of such harm, see Helling v. McKinney, 509 U.S. 25, 31 (1993).

Under these principles, Smith's allegations simply do not describe conditions that constitute an Eighth Amendment violation. While the situation he describes is no doubt uncomfortable, harsh, and even disgusting at times, these conditions are temporary. They do not deprive Smith of any human necessity, including cleanliness, as his own allegations indicate that he is able to wash his hands whenever he feels it necessary. Most importantly, Smith fails to allege facts indicating that any of the conditions of which he complains have caused him any serious or significant injury whatsoever. He does not allege ever seeking or requiring medical attention because he cannot flush his own toilet. His conclusory assertions that toilet smells have caused him breathing problems and may cause other health concerns in the future are vague and speculative at best and are completely unsupported by his allegations. In short, Smith fails to allege facts indicating that the challenged conditions have caused him any serious or significant harm, or that these conditions create any serious risk of future harm. Helling, 509 U.S. at 31; Strickler, 989 F.2d at 1380-1381. Therefore, his complaint fails to " raise a right to relief above

the speculative level" as required under Twombly and Wilson, supra, and must be summarily dismissed without prejudice, pursuant to § 1915A(b)(1). An appropriate order will issue today.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 25th day of February, 2011.

*/s/ Glen Conrad*
Chief United States District Judge